UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00153-MR
(1:18-cr-001290MR-WCM-1)

| | | |
|---|---|---|
| TIMOTHY ALLEN WILLIAMS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

Petitioner Timothy Allen Williams ("Petitioner") was charged in the underlying criminal case with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count One). [CR Doc. 1: Bill of Indictment]. Petitioner pleaded guilty without a plea agreement. [See CR Doc. 14: Acceptance and Entry of Guilty Plea].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:20-cv-00153-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:18-cr-00129-MR-WCM-1.

The probation office prepared a Presentence Investigation Report ("PSR") in advance of sentencing. [CR Doc. 21: PSR]. The probation officer calculated a Total Offense Level of 13 and a Criminal History Category of V. [Id. at ¶¶ 29, 40]. The resulting guidelines imprisonment range was 30 to 37 months, and the maximum statutory term of imprisonment was 10 years. [Id. at ¶¶ 72, 73].

In a Judgment entered March 30, 2019, the Court sentenced Petitioner to a term of imprisonment of 33 months. [CR Doc. 24 at 2: Judgment]. On June 12, 2020, Petitioner appealed his sentence to the Fourth Circuit Court of Appeals. [CR Doc. 28: Notice of Appeal]. On June 23, 2020, the Fourth Circuit appointed counsel for Petitioner. [CR Doc. 32]. Petitioner's appeal remains pending.

Petitioner filed the instant Section 2255 Petition on June 22, 2020. [CV Doc. 1]. A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

Here, Petitioner has directly appealed his sentence, and his appeal remains pending. [CR Doc. 28: Notice of Appeal]. A Section 2255 motion attacking the same conviction and sentence that is the subject of a pending, direct appeal is premature. See United States v. Gardner, 132 F.App'x. 467, 468 (4th Cir. 2005). As such, the Court will dismiss the Petitioner's motion without prejudice and without addressing its merits. The Petitioner may refile a Section 2255 Petition, if at all, once his appeal has been decided.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 25, 2020

Martin Reidinger
Chief United States District Judge